UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIGER MAYANDUENAS[1],

                    Plaintiff,

   v.                                           9:18-CV-1161
                                                      (GTS/TWD)

N.A. HARRIMAN, et. al.,

                    Defendants.
_____

APPEARANCES:

RIGER MAYANDUENAS
Plaintiff, Pro se
15-R-1240
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA JAMES                            KONSTANDINOS D. LERIS, ESQ.
New York State Attorney General - Albany
The Capitol
Albany, NY 12224
Attorney for Defendant

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Pro se plaintiff Riger Mayanduenas ("Plaintiff") commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl.").

---

[1] In the original Complaint, Plaintiff was identified as Mayan Duenas Riger. *See generally*, Compl. In the Amended Complaint, Plaintiff is identified as Riger Mayanduenas. *See generally*, Am. Compl. Plaintiff is identified on the on the New York State Department of Corrections and Community Supervision's ("DOCCS") website as Riger Mayanduena with assigned Department ID Number ("DIN"): 15-R-1240. *See* http://nysdoccslookup.doccs.ny.gov (last visited Jan. 7, 2019).

1

Presently before the Court is Plaintiff's Amended Complaint.² Dkt. Nos. 9 ("Am. Compl.").

## II. ORIGINAL COMPLAINT

In his original Complaint, Plaintiff asserted claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F."). *See* Compl., *generally*. Plaintiff alleged Eighth Amendment excessive force claims and Fourteenth Amendment due process claims against defendants Officer Bigalow, C.O. Doe #1, C.O. Doe #2, and Sgt. Doe. Compl. at 5; Dkt. No. 1-1 at 10.

In a Decision and Order filed on October 26, 2018 (the "October Order"), following review of the Complaint pursuant to 28 U.S.C. § 1915A(b), the Court dismissed the Fourteenth Amendment due process claims, without prejudice.³ *See* Dkt. No. 5. The Court held that the excessive force claims against Bigalow, C.O. Doe #1, C.O. Doe #2, and Sgt. Doe survived review and required a response. *Id.* at 8. The Court advised Plaintiff that the U.S. Marshal Service could not effect service upon an unidentified defendant and directed Plaintiff to take reasonable steps to identify the Doe defendants. *Id.* at 12. A summons was issued to "Officer Bigalow" and, on November 26, 2018, defendant filed an acknowledgment of service.⁴ Dkt. Nos. 6 and 7. Bigelow has not yet answered the Complaint.⁵

---

² The Amended Complaint was filed as of right pursuant to Federal Rule of Civil Procedure 15(a).

³ In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint with respect to the claims that were dismissed without prejudice. Dkt. No. 5 at 15, n. 12.

⁴ In the Acknowledgment of Service, the defendant is identified as "Bigelow." Dkt. No. 7. The Clerk of the Court is directed to amend the docket accordingly.

⁵ On December 10, 2018, counsel for Bigelow filed a letter request to stay defendant's time to file an answer pending the Court's review of the Amended Complaint. Dkt. No. 10. The Court granted the request. Dkt. No. 11

2

## III. REVIEW OF AMENDED COMPLAINT

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October Order and will not be restated here. *See* Dkt. No. 5 at 2-4. Taking into account Plaintiff's pro se status, the Court construes the allegations in the Amended Complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

The Amended Complaint includes new defendants: Nurse Administrator Harriman ("Harriman"), C.O. Fuller ("Fuller"), C.O. Burgo ("Burgo"), C.O. Maurer ("Maurer"), and Sgt. Dixon ("Dixon").[6]  Am. Compl. at 1.

On January 14, 2018, at 8:45 p.m., Plaintiff was at the medication window of the Clinton C.F. Annex Building. Am. Compl. at 5. Harriman gave Plaintiff his medication, which he swallowed while still standing at the window. *Id.* Plaintiff opened his mouth to show Harriman that he had swallowed the medication, but Harriman thought Plaintiff was hiding his medication under his tongue. *Id.* Plaintiff was directed to wait on a bench near the window. *Id.* Plaintiff, who is not fluent in English, attempted to explain that he had false teeth and, perhaps, Harriman confused the teeth for medication. Am. Compl. at 5-6.

Shortly thereafter, an officer arrived and Harriman pointed at Plaintiff and stated "that's him." Am. Compl. at 6. Harriman told the other inmates who were present, to leave. Id. Bigelow approached Plaintiff and directed him to open his mouth. *Id.* When Plaintiff said he did not speak English, Bigelow sprayed pepper spray in Plaintiff's face. *Id.* at 6-7. Plaintiff

---

[6] The Clerk of the Court is directed to add these defendants to the docket report for this action.

noticed "a few more officer(s) coming" but then, went "totally blind." *Id*. The officers repeatedly punched and kicked Plaintiff in his face and body while Dixon was present. Am. Compl. at 7, 9, 10. Plaintiff tried to stand, and was assaulted by Maurer. *Id*. at 7. As a result of the assault, Plaintiff lost consciousness and suffered a fracture cheekbone. *Id*. at 7-8. Plaintiff was transported to the University of Vermont Hospital and Albany Medical Center for treatment. *Id*. When Plaintiff returned to Clinton C.F., he was not able to open his left eye and suffered from headaches. Am. Compl. at 8.

Construing the Amended Complaint liberally, Plaintiff asserts Eighth Amendment excessive force and failure to protect claims. *See* Am. Compl., *generally*. Plaintiff also claims that defendants violated his rights under Article 1, section 6 of the New York State Constitution. *See id.* at 9-11. Plaintiff seeks monetary damages. *See id.* at 11.

**IV.    ANALYSIS**

**A.    Previous Claims**

The law related to Eighth Amendment excessive force claims was discussed in the October Order and will not be restated herein. Dkt. No. 5 at 7-8. As a result of the review of the original Complaint, the Court held that the excessive force claims against Bigelow survived review and required a response. These claims are repeated and realleged in the Amended Complaint and thus, survive review as well.

As a result of the review of the original Complaint, the Court held that Plaintiff's excessive force claims against C.O. John Doe #1 and C.O. John Doe #2 required a response. With the Amended Complaint, Plaintiff attempts to substitute Fuller and Burgo for the John Doe defendants. *See* Am. Compl. at 9-10. Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v.*

4

*Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the excessive force claims against Fuller and Burgo survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

In the Amended Complaint, Plaintiff also claims that Maurer "beat" the Plaintiff with "closed fists" while Plaintiff was on the floor. Am. Compl. at 10. For the reasons set forth in th October Order, the Court will require Maurer to respond to the excessive force claims. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

**B.      Eighth Amendment - Failure to Protect**

Prison officials are required to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). The failure of corrections officers to employ reasonable measures to protect an inmate from violence by others may rise to the level of an Eighth Amendment violation. *See Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985). "Failure to intercede results in liability where an officer observes excessive force being used or has reason to know that it will be." *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). In order to succeed on a claim of failure to protect, the inmate "must establish both that a substantial risk to his safety actually existed and that the offending [defendant] knew of and consciously disregarded that risk." *Walsh v. Goord*, No. 07-CV-0246, 2007 WL 1572146, at *9 (W.D.N.Y. May 23, 2007) (quoting *Farmer*, 511 at 837). In addition, a failure-to-protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

Plaintiff claims that Harriman and Dixon were present during the assault on January 14, 2018. Am. Compl. at 10. For the reasons set forth herein an in the October Order and with due regard for Plaintiff's status as a pro se litigant, the Court will require a response to Plaintiff's Eighth Amendment failure to protect claim against Harriman and Dixon. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

**C.    State Law Claims**

Plaintiff claims that Harriman, Bigelow, Fuller, Burgo, Maurer, and Dixon violated his rights under Article 1, Section 6 of the New York State Constitution. Compl. at 9-11. In the October Order, the Court dismissed Plaintiff's Fourteenth Amendment due process claims because Plaintiff failed to plead a valid liberty interest and personal involvement on the part of any named defendant. Dkt. No. 5 at 11. In the Amended Complaint, Plaintiff did not assert a Fourteenth Amendment due process claim or allege any facts supporting a due process claim. Because Plaintiff has not alleged facts plausibly suggesting that Defendants violated his due process rights under either the United States Constitution, the District Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

**VI.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED**, that the Amended Complaint (Dkt. No. 9) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket as follows: (1) substitute Riger Mayanduenas for Mayan Duenas Riger; (2) include Nurse Administrator Harriman

("Harriman"), C.O. Fuller ("Fuller"), C.O. Burgo ("Burgo"), C.O. Maurer ("Maurer"), and Sgt. Dixon ("Dixon") as defendants herein; (3) dismiss C.O. Doe #1, C.O. Doe #2, and Sgt. Doe as defendants herein; and (4) substitute "Bigelow" for "Bigalow"; and it is further

**ORDERED** that the state law claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response: (1) Eighth Amendment excessive force claims against Bigelow, Fuller, Burgo, and Maurer; and (2) Eighth Amendment failure-to-protect claims against Harriman and Dixon; and it is further

**ORDERED** the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon Fuller, Burgo, Maurer, Harriman, and Dixon. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the**

**Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

  **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated:  January 22, 2019
     Syracuse, NY

                _/s/ Glenn T. Suddaby_
                Hon. Glenn T. Suddaby
                Chief U.S. District Judge