UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————

Riger MayanDuenas,

                Plaintiff,

    -against-

N.A. Harriman, et al.

                Defendant(s).
———————————————————————

AFFIDAVIT IN OPPOSITION
TO DEFENDANT'S SUMMARY
JUDGEMENT MOTION

9:18-cv-1161 (GTS/TWD)

STATE OF NEW YORK)
COUNTY OF WYOMING) ss:

    I, Riger MayanDuenas, declare under the penalty of perjury that I am the plaintiff (Affiant) herein and make this Affidavit upon personal knowledge, information and believe pursuant to Federal Rule of Civil Procedure 56(c)(4), and such, I believe them to be true. See also 28 U.S.C.A. §1746.

    1.   That I am over 18 years of age, an inmate at: Attica Correctional Facility, PO BOX 149, Attica, NY 14011-0149, acting pro-se on my behalf and I submit this Affidavit in support of my notice of motion, and in reply to Defendant(s) Summary Judgement motion dated February 5, 2019, pursuant to Federal Rule of Civil Procedure, rule 56.

    2.   This Plaintiff writes in reply to defendant, C.O. Bigelow, S. ('Shane Bigelow') Summary Judgement Complaint."

    3.   Plaintiff respectfully request the Court deny Defendant(s) Summary judgement motion which alleged that plaintiff did not exhaust his administrative remedies with Central Office Review Committee (CORC); "Declaration of Rachad Seguin and Tara Broussene respectfully".

4. As fully set forth in reply to Defendant(s) Memorandum of Law, plaintiff (object) herein on the grounds that, remedies were <u>not available</u>, <u>expedited</u> to plaintiff and nothing within the Department of Correction's Directive #4040 Mandates plaintiff to write to inquire for an update status; Therefore plaintiff respectfully request the court to deny Summary Judgement and to depose plaintiff on the limited issue of exhaustion followed by an evidentiary hearing.

5. There has been no previous application for the relief requested herein.

6. As fully set forth herein, plaintiff indeed followed the appropriate procedures set forth in the Administrative remedy procedure for an expedited procedure for review.

7. Plaintiff Submitted a grievance complaint on <u>January 21, 2018, See attached</u> Exhibit 1.

8. Plaintiff's grievance CLA 07875-18, titled "Assault", was filed with the inmate grievance office at, Clinton Correctional Facility, on <u>January 23, 2018</u>, Exhibit 1.

9. Plaintiff's grievance required no (IGRC) recommendation and was forward directily to the Superintendent.

10. The Superintendent issued a response on <u>March 16, 2018,</u> on grievance CLA-07875-18, <u>See</u> Exhibit 1.

11. Plaintiff's Appeal of the Superintendent's response to grievance CLS-07875-18 was filed on <u>April 13, 2018, See</u> Exhibits 2.

12. Plaintiff waited for the Superintendent's reply to his appeal and on June 13, 2018, plaintiff wrote to the Superintendent inquiring about his appeal to no avail; See attached Exhibits 3.

13. Nevertheless, plaintiff is not mandated to submit correspondence requesting the status of his appeal of grievance CLA-07875-187; Plaintiff did not receive a response to his grievance appeal either through manipulation of delay tactics or otherwise when Directive 4040 clearly raises an expedited procedure for review of grievance alleging harassment by employees.

14. Summary Judgement should therefore be denied, when the Supreme Court noted §1997 e (a), exhaustion requirement hinges on the availability of the Administrative remedies.

15. PLRA'S § 1997 e(a) Specifically states:

"No action shall be brought with respect to prison condition under §1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such Administrative remedies as are "Available" are exhausted.

16. This was done in "bad faith", protracted tactics in not responding to an appeal for ten (10) months, rendered the remedy unavailable to plaintiff; See Ross v. Blake, 13 S.Ct. 1850 (June 6, 2016). Plaintiff received "defendant's Summary Judgement motion on February 7, 2019" and with it came a copy of the Superintendent's denial of plaintiff's appeal.

-4-

17. For the foregoing reasons plaintiff moved to file his complaint with the court to begin his civil action. Plaintiff was circumvented from exhausting the remedies in accordance with 42 U.S.C. 1997 e(A). This Court should impose sanction upon the Defendant(s) in accordance with Federal Rule of Civil Procedure 56(h).

WHEREFORE, Plaintiff respectfully request an order from this Court denying defendant's Summary Judgement request, deny request for evidentiary hearing and limited deposition of plaintiff and any such other, and further relief as the Court deem just and proper.

Dated: 3-9-, 2019
Wyoming, New York

Riger MayanDuenas
Pro-se Plaintiff
Attica C.F.
PO BOX 149
Attica, NY 14011-0149

cc: (R.M)
c/o: Letitia James
    Attorney for Defendant(s)
    & Kostas D. leri's of counsel

Subscribed and sworn to before me this 12 day of March, 2019

Notary Public

BRIAN HEMBROOK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HE6342588
Qualified In Erie County
My Commission Expires 05-31-2020