UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RIGER MAYANDEUNAS, f/k/a Mayan Duenas Riger,

                     Plaintiff,

                                          9:18-CV-1161
v.                                    (GTS/TWD)

BIGELOW, Corr. Officer, f/k/a Officer Bigelow;
HARRIMAN, Nurse Admin.; FULLER, Corr. Officer;
BURGO, Corr. Officer; MAURER, Corr. Officer; and
DIXON, Corr. Sgt.,

                     Defendants.
_____

APPEARANCES:                            OF COUNSEL:

RIGER MAYANDEUNAS, 15-R-1240
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA A. JAMES               KONSTANDINOS D. LERIS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Riger

Mayandeunas ("Plaintiff") against the six above-captioned employees of the New York State

Department of Corrections and Community Supervision or "DOCCS" ("Defendants"), are (1)

United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending

that the Court deny Defendants' motion for summary judgment based on Plaintiff's failure to

exhaust his available administrative remedies, and (2) Defendants' Objections to the Report-Recommendation. (Dkt. Nos. 36, 40.) For the reasons set forth below, Defendants' Objections are rejected, Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion for summary judgment is denied.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following three findings of fact and conclusions of law: (1) although Plaintiff has failed to comply with Local Rule 7.1(a)(3)'s requirement that he properly respond to Defendants' Statement of Undisputed Material Facts, the Court can, and should, excuse that failure and conduct a *sua sponte* review of the record; (2) although a district-court split exists in the Second Circuit regarding whether a failure by DOCCS' Central Office Review Committee ("CORC") to timely decide a prisoner's grievance appeal for a period of 134 days[1] renders the prisoner's administrative remedies unavailable after *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Court should adopt the view of the better-reasoned courts, which answer that question in the affirmative; and (3) although Plaintiff requests that Defendants be "sanctioned" pursuant to Fed. R. Civ. P. 56(h) for submitting a declaration in bad faith, the Court should reject that request as meritless. (Dkt. No. 36, at Parts IV and V.)

---

[1] Although Magistrate Judge Dancks characterizes this period as 136 days (consisting of the period between when CORC's decision was due on May 13, 2018, and when Plaintiff's Complaint was received and docketed by the Clerk's Office on September 26, 2018), the undersigned characterizes this period as 134 days (consisting of the period between when CORC's decision was due on May 13, 2018, and when Plaintiff's Complaint was signed and thus deemed "filed" pursuant to the Prison Mailbox Rule on September 24, 2018).

## B. Defendants' Objections to the Report-Recommendation

Generally, in their Objections, Defendants assert the following two arguments: (1) Magistrate Judge Dancks erred by not accepting as uncontroverted the supported facts asserted in Defendants' Statement of Undisputed Material Facts; and (2) Magistrate Judge Dancks erred by finding that a 134-day delay by CORC in timely deciding Plaintiff's appeal renders his administrative remedies unavailable under the Supreme Court's decision in *Ross*. (Dkt. No. 39.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(C).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a

---

[2]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

The Court begins by finding that both of the arguments asserted by Defendants in their Objections are simply reiterations of arguments asserted in the reply brief that they submitted to Magistrate Judge Dancks before she issued her Report-Recommendation.  (*Compare* Dkt. No. 39, at 1-4 [Defs.' Obj.] *with* Dkt. No. 33, at 2-3 [Defs.' Reply Brief].)  As a result, the Court need

---

[4]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

submit those arguments to only a clear-error review. *See, supra,* Part II of this Decision and Order.

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in that Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

In any event, even if the Court were to subject the two "challenged" portions of the Report-Recommendation to *de novo* review, the Court would find that those portions survive that review for the reasons discussed below.

### A.      Defendants' First Objection

With regard to Defendants' first objection, the Court rejects any suggestion that the law does not bestow upon federal judges the discretion to excuse a *pro se* civil rights litigant of the consequences of failing to specifically deny (with adequate evidentiary support) the supported factual assertions of a summary judgment movant, and the discretion to conduct a *sua sponte* review of the record. (Dkt. No. 39, at 1-2 [Defs.' Obj.].) Clearly, federal judges possess such discretion. *See, e.g., Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000). Morever, while the undersigned generally prefers not to invoke that discretion out of fairness to both sides and respect for the adversarial system, he has done so certain times, even in the case of represented non-movants. *See, e.g., Stephenson Equip. v. ATS Specialized, Inc.*, 10-CV-1517, 2013 WL 4508444, at *4 (N.D.N.Y. Aug. 23, 2013) (Suddaby, J.). As long as such a judge does not find a

supported factual assertion to have been controverted by admissible record evidence *in error*, such an exercise of discretion remains permissible (especially where, as here, the record is not particularly lengthy).

Similarly, the Court rejects any suggestion that Magistrate Judge Dancks has not found to be uncontroverted the supported facts in Defendants' Statement of Undisputed Material Facts. (Dkt. No. 39, at 1-2 [Defs.' Obj.].)  Magistrate Judge Dancks' recitation of the factual background in her Report-Recommendation tracks the factual assertions in Defendants' Rule 7.1 Statement, except for the last such assertion. (*Compare* Dkt. No. 36, at 2-3 [Report-Recommendation] *with* Dkt. No. 14, Attach. 8 [Defs.' Rule 7.1 Statement].)  That last assertion is more akin to a legal conclusion than a factual assertion (given that whether or not Plaintiff has exhausted his available administrative remedies is the ultimate question before the Court).  (Dkt. No. 14, Attach. 8, at ¶ 16 [Defs.' Rule 7.1 Statement, asserting, "Plaintiff did not properly exhaust his administrative remedies pursuant to the guidelines set forth in 7 N.Y.C.R.R. § 701.5 *et seq*, relating to the alleged incident of January 14, 2018."].)

B.      **Defendants' Second Objection**

With regard to Defendants' second objection, the Court rejects any suggestion that Magistrate Judge Dancks may have based her recommendation on the fact that CORC has not even decided Plaintiff's grievance appeal as of the date of the Report-Recommendation.  (Dkt. No. 39, at 2 [Defs.' Obj.].)  The Court construes the sentence of the Report-Recommendation to which counsel refers as merely eliminating the issue that would arise had CORC issued such a decision between the 239 days that elapsed between when Plaintiff filed this action (on September 24, 2018) and when the Report-Recommendation was issued (on May 21, 2019).

(Dkt. No. 36, at 11 [Report-Recommendation, stating, "Moreover, there is no indication that CORC has ever addressed grievance CLA-07875-18, even to the present day."].)  Succinctly stated, CORC's failure to issue a decision has simplified the issue.[6]

Turning to the thrust of Defendants' second objection (which focuses on the split in district court cases within the Second Circuit regarding whether a failure by CORC to timely decide an appeal for a period of 134 days renders a prisoner's administrative remedies unavailable for purposes of *Ross v. Blake*, 136 S. Ct. 1850 [2016]), the undersigned has scrutinized the numerous district court decisions cited by Magistrate Judge Dancks in her Report-Recommendation and counsel in Defendants' Objections.  (Dkt. No. 36, at 12-15 [Report-Recommendation]; Dkt. No. 39, at 2-4 [Defs.' Obj.].)  With regard to those cases, the Court makes six observations.

First, the Court finds to be more persuasive the on-point decisions that expressly apply *Ross*, which relied on the concepts of regulations being a "dead end" and/or too "opaque."  *Ross*, 136 S. Ct. at 1859.[7]  The Court finds to be less persuasive the decisions that are not on point,[8]

_____

[6]     The Court notes that, had Defendants not wanted that fact mentioned in the Report-Recommendation, they probably should have not have asserted a similar fact in their Statement of Undisputed Material Facts.  (Dkt. No. 14, Attach. 8, at ¶ 15 [Defs.' Rule 7.1 Statement, stating, "Plaintiff's grievance appeal is still pending a CORC determination"].)

[7]     *See, e.g., Bell v. Napoli,* 17-CV-0850, 2018 WL 6506072 (N.D.N.Y. Dec. 11, 2018) (Baxter, M.J.); *High v. Switz,* 17-CV-1067, 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018) (Kahn, J.), *adopting*, 2018 WL 3736794 (N.D.N.Y. July 9, 2018) (Stewart, M.J.); *Rodriguez v. Reppert*, 14-CV-0671, 2016 WL 6993383 (W.D.N.Y. Nov. 11, 2016), *adopting*, 2016 WL 11483439 (W.D.N.Y. Sept. 28, 2016).

[8]     *See, e.g., Rodriguez v. Heit*, 16-CV-0706, 2018 WL 3121626, at *3-4 (N.D.N.Y. March 30, 2018) (addressing circumstances in which federal complaint was filed before *timely* appellate administrative decision), *adopted*, 2018 WL 2316687 (N.D.N.Y. May 22, 2018).

that were issued before *Ross* (on June 6, 2016), or that do not expressly apply *Ross*.[9]

Second, too often, the cited cases fail to focus on the delay between the date that a decision by CORC was due (i.e., 30 days after the prisoner's filing of his appeal to CORC) and the date that the prisoner's federal court complaint was signed (which, pursuant to the Prison Mailbox Rule, is the date of the filing of the prisoner's court action).[10] In the undersigned's opinion, that time period is the relevant one for purposes of deciding the issue presented in the second argument of Defendants' Objections.[11]

Third, even applying the rule as set forth in *Ross*, the undersigned has trouble following any district court cases finding that a prisoner may rush to court immediately after the expiration of the thirty-day deadline for a CORC decision. Setting aside the argument that no "dead end" has yet occurred under *Ross*, the Court notes that 7 N.Y.C.R.R. 701.5 requires an appellant to wait 45 days from the due date of a mere written notice of receipt, making it difficult to believe that the appellate should not also have to wait at least 15 days from the due date of a written decision before filing suit. *See* 7 N.Y.C.R.R. 701.5(d)(3)(i) ("If a grievant does not receive a

---

[9]    *See, e.g., Staples v. Patane*, 17-CV-0703, 2018 WL 7361009 (N.D.N.Y. Dec. 7, 2018), *adopted*, 2019 WL 757937 (N.D.N.Y. Feb. 20, 2019); *Berkley v. Ware*, 19-CV-1326, 2018 WL 3736791 (N.D.N.Y. July 6, 2018), *adopted*, 2018 WL 3730173 (N.D.N.Y. Aug. 6, 2018); *Toliver v. Stefinik*, 12-CV-0077, 2016 WL 3349316 (N.D.N.Y. June 15, 2016).

[10]    *See, e.g., Rodriguez v. Reppert*, 14-CV-0671, 2016 WL 6993383 (W.D.N.Y. Nov. 11, 2016), *adopting*, 2016 WL 11483439 (W.D.N.Y. Sept. 28, 2016) (indicating that the CORC appeal was filed on May 20, 2014, meaning the decision was due on June 19, 2014, and indicating the complaint was filed on August 13, 2014, without mentioning that it was dated July 6, 2014, and thus "filed" pursuant to the Prison Mailbox Rule on that date, a mere seventeen days after the due date of the CORC decision).

[11]    *Cf. Gizewski*, 692 F. App'x at 670, n.3 ("The eventual denial [of the appeal to CORC] does not cure the failure to exhaust [because] [s]ubsequent exhaustion after suit is filed is insufficient.") (internal quotation marks and citations omitted).

copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC.").

Fourth, having said that, the Court also has trouble finding that the Second Circuit would not place a reasonable limit on the time in which CORC must issue a decision (or have the prisoner's appeal be deemed by federal court to be effectively denied). In *Gizewski*, the Second Circuit "assume[ed] arguendo that the [80-day] delay [between when the plaintiff filed his appeal to CORC on November 12, 2013, and when he dated and thus 'filed' his complaint in the N.D.N.Y.on January 31, 2014] . . . constituted [a] constructive denial [of his appeal]," before agreeing with the defendants' failure-to-exhaust argument on another ground. *Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, 692 F. App'x 668, 670 (2d Cir. 2017). The undersigned construes this argumentative assumption as, at the very least, an indication that a limit is within the realm of possibility.

Fifth, counsel places too much reliance on the undersigned's ruling in *Monroe v. Kociensky*, 17-CV-1050, 2019 WL 409412 (N.D.N.Y. Feb. 1, 2019) (Suddaby, J.). In *Monroe*, the reason the undersigned "rejected the proposition that CORC's delay in responding rendered the plaintiff's administrative remedies unavailable . . ." (Dkt. No. 39, at 3 [Defs.' Obj.]) was that the delay was only 37 days. *Monroe*, 2019 WL 409412, at *4 (relying on *Gizewski*). Here, the delay was 134 days. Moreover, in *Monroe*, issued more than six months ago, the undersigned posed a question that remains unanswered by DOCCS' counsel:

> The Court wonders what the rule would be were CORC (for whatever reason) to fail to ever render a decision: at what point in time would the inmate obtain the right to sue? DOCCS would do well to amend 7

N.Y.C.R.R. § 701.5 . . . so as to specify a date after which the inmate may sue, lest the courts effectively do so for it.

*Monroe*, 2019 WL 409412, at *4.

Sixth, regarding the state court case cited by Defendants for the point of law that the 30-day deadline by which CORC must render a decision "is directory, not mandatory," the Court will, for the sake of brevity, set aside any issue created by *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). More important is the fact that the state court case relied on by Defendants–*Jones v. Fischer*, 110 A.D.3d 1295, 1296 (N.Y. App. Div., 3d Dept. 2013)–relied on a state court case–*Sheppard v LeFevre*, 116 A.D.2d 867, 868 (N.Y. App. Div., 3d Dep't 1986)–which the undersigned has previously found does not help DOCCS' position. *Monroe*, 2019 WL 409412, at *4, n.6. More specifically, *Sheppard* recognized that, although the deadline is "directory," a violation of the deadline (when coupled with a showing of substantial prejudice) still "oust[s]" DOCCS of "jurisdiction." *Sheppard*, 116 A.D.2d at 868.

Moreover, the other two state law cases cited by Defendants for that point of law are clearly inapposite: both of those cases regard the time limit by which DOCCS must complete a *disciplinary* hearing, or issue a determination following a *disciplinary hearing*, significantly different matters than the time limit by which CORC must decide an appeal from the denial of a *grievance*. *See Austin v. Fischer*, 70 A.D.3d 1074, 1074-75 (N.Y. App. Div., 3d Dept., 2010) ("We also reject petitioner's contention that respondent's failure to issue an administrative determination within the statutorily prescribed 60-day period requires annulment, inasmuch as that time limitation is directory, not mandatory . . . ."); *Dash v. Goord*, 255 A.D.2d 978, 978 (N.Y. App. Div., 4th Dept., 1998) ("In any event, the time period [by which to complete a

disciplinary hearing] is directory, not mandatory, and, absent a showing of substantial prejudice to petitioner, the failure to complete the hearing in a timely manner does not warrant annulment of the determination.").  Among other things, at stake in such cases is the annulment of a disciplinary conviction, not merely the deeming of a grievance procedure exhausted.

Under the circumstances, the Court finds that, whether the permissible period of delay for a CORC decision is 80 days (as assumed for the sake of argument by the Second Circuit in *Gizewski*), 90 days or 120 days, the Second Circuit would consider 134 days to be too long.  At some point CORC must face the consequences of its delays.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 36) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 14) is **DENIED**.

**Plaintiff is reminded of his duty to keep the Court informed of his current address, and warns him that his case will be dismissed for failure to prosecute, should he fail to do so**.

Dated:  August 22, 2019
　　　　Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

12