UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROGER MAYANDEUNAS, f/k/a Mayan Duenas Riger,

      Plaintiff,
                  9:18-CV-1161
v.                     (GTS/TWD)

BIGELOW, Corr. Officer, f/k/a Officer Bigelow;
HARRIMAN, Nurse Admin.; FULLER, C.O.;
JASON BURDO, C.O., f/k/a Burgo; MAURER,
C.O.; and DIXON, Sgt.,

      Defendants.
_____

APPEARANCES:            OF COUNSEL:

RIGER MAYANDEUNAS
 Plaintiff, *Pro Se*
c/o HELP MEYER Men's Shelter at Manhattan
Psychiatric Center
600 E. 125th Street
New York, New York 10035

HON. LETITIA A. JAMES         Konstandinos D. Leris, Esq.
Attorney General for the State of New York   Assistant Attorney General
 Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this *pro se* prisoner civil rights action filed by Riger

Mayandeunas ("Plaintiff") against the six above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are United States

Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that

Plaintiff's Amended Complaint be *sua sponte* dismissed for failure to prosecute and/or comply with the Local Rules of Practice of the Court and an Order of the Court pursuant to Fed. R. Civ. P. 41(b), and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 46, 48, 49.) For the reasons set forth below, the Report-Recommendation is accepted and adopted.

I.       RELEVANT BACKGROUND

    A.       **Magistrate Judge Dancks' Report-Recommendation**

Generally, in her Report-Recommendation, Magistrate Judge Dancks recommended the *sua sponte* dismissal of Plaintiff's Amended Complaint for failure to prosecute and/or comply with an Order of the Court pursuant to Fed. R. Civ. P. 41(b) based on a balancing of the following five factual findings: (1) the duration of Plaintiff's failure to prosecute/comply weighs in favor of dismissal, because he had failed to advise the Court of his current address for nearly four months (i.e., from May 21, 2019, to September 9, 2019), which (under Local Rule 41.2[a] of the Local Rules of Practice for this Court) is presumptive evidence of a lack of prosecution; (2) the notice to Plaintiff of possible dismissal due to his failure to prosecute/comply weighs in favor of dismissal, because he had been adequately informed of his obligation to notify the Court of a change in his address through both the Court's Orders of October 26, 2018, and January 22, 2019; (3) an assessment of whether a further delay is likely to prejudice Defendants weighs in favor of dismissal, because the events giving rise to Plaintiff's claims occurred in January of 2018, and the parties have not yet engaged in discovery, resulting in the real possibility of an adverse affect on Defendants' ability to locate witnesses (who might retire from, or be released or transferred from Clinton Correctional Facility), and to preserve evidence; (4) a balancing of the Court's interest in managing its docket against Plaintiff's interest in a fair chance to be heard

weighs in favor of dismissal, because the need to monitor and manage cases such as this delay the resolution of other cases on the Court's congested docket (and contributes to the Second Circuit's relatively long median time to disposition for such civil rights cases), and Plaintiff has had ample opportunity to be heard in this action; and (5) an assessment of the appropriateness of the impositions of a less-drastic sanction weighs in favor of dismissal. (Dkt. No. 46, Part III.)

### B. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection, Plaintiff asserts that he objects to Magistrate Judge Dancks' recommendation dismissing this action on the basis that "it never was his intention to abandon his case," and he "wishes to pursue his lawsuit." (Dkt. Nos. 48, 49.) Furthermore, after giving the Court an incorrect "current address" on September 24, 2019, and repeating that incorrect "current address" on September 25, 2019, which caused two more mailings from the Court to be returned as undeliverable, Plaintiff gave the Court a correct current address on November 6, 2019. (Dkt. Nos. 48, 49, 50, 51, 52.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c)).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

## III. ANALYSIS

Construed with the utmost of special leniency, Plaintiff's Objection affects some or all of the five factors addressed by Magistrate Judge Dancks in her Report-Recommendation. (*Compare* Dkt. Nos. 48 *and* 49 *with* Dkt. No. 46, at 5-6.) Moreover, Plaintiff's failure to give the Court a correct "current address" affects some or all of those five factors. (Dkt. Nos. 48, 49, 50, 51 and 52 *with* Dkt. No. 46, at 5-6.) As a result, the Court finds it appropriate to conduct a re-assessment of the five factors, with due deference given to those particular factual findings rendered by Magistrate Judge Dancks to which Plaintiff has made no specific objection*. See, supra,* Part II of this Decision and Order.

With regard to the first factor (i.e., the duration of Plaintiff's failure to prosecute/comply), the Court finds that Plaintiff's post-Report-Recommendation submissions do two things: (1) confirm that he has made a delay and that the delay was at least 111 days (i.e., from May 21, 2019, to September 9, 2019); and (2) indeed, extend that delay to 169 days (i.e., until he provided a correct current address to the Court on November 6, 2019). In response to this finding of more than a four-month delay, Plaintiff might respond that the delay that occurred between September 9, 2019, and November 6, 2019, was not his but that of an attorney (who was purportedly not representing Plaintiff). However, setting aside the paradoxical nature of continuing to claim *pro se* status while benefitting from both the advice of counsel and representations/filings of counsel, the Court notes that on September 25, 2019, Plaintiff represented that he had read and that he agreed with "everything" in counsel's letter of September 24, 2019–which contained the error in

6

his current address. (Dkt. Nos. 48, 49.) Simply stated, the additional delay was ultimately Plaintiff's responsibility, regardless of the equities of his language barrier and receipt of psychiatric help in a men's shelter. For all of these reasons, the Court finds that the first factor weighs in favor of dismissal.

With regard to the second factor (i.e., whether Plaintiff was on notice that a failure to prosecute/comply would result in dismissal), the Court finds that Plaintiff's post-Report-Recommendation submissions do not contest, and thus confirm, Magistrate Judge Dancks' finding that Plaintiff was on such notice. (In addition, the Court notes that Local Rule 10.1[c][2] and 41.2[b] of the District's Local Rule of Practice, and pages 14 and 15 of the District's *Pro Se Handbook*, were on file in the library of Attica Correctional Facility between the date of filing of this action and the date of Plaintiff's release.) For all of these reasons, the Court finds that the second factor weighs in favor of dismissal.

With regard to the third factor (i.e., whether Defendants are likely to be prejudiced by a further delay in the proceedings), the Court finds that Plaintiff's post-Report-Recommendation submissions do not contest, and thus confirm, Magistrate Judge Dancks' finding that a further delay is likely to prejudice Defendants through the risk of unlocated witnesses and unpreserved evidence. Indeed, the finding is strengthened because the delay that has occurred is now 58 days greater (and Defendants still await discovery). Furthermore, in response to an argument that no further delay is any longer likely because Plaintiff has now surfaced and declared he wishes to proceed, the same could be said when he reviewed counsel's letter but failed to detect the incorrect address. A further delay is indeed a real possibility. For all of these reasons, the Court finds that the third factor weighs in favor of dismissal.

With regard to the fourth factor (i.e., a balancing of the Court's interest in managing its docket with Plaintiff's interest in a fair chance to be heard), the Court finds that Plaintiff's post-Report-Recommendation submissions do not contest, and thus confirm, Magistrate Judge Dancks' finding that the Court has an interest in managing its docket which outweighs Plaintiff's interest in a fair chance to be heard. Indeed, the Court notes that the full nature of the fair chance that Plaintiff has been afforded in this action is exemplified on pages 6 and 7 of the Court's Decision and Order of August 22, 2019, wherein the Court invoked special solicitude to save Plaintiff's action from dismissal. (Dkt. No. 41, at 6-7.) For all of these reasons, the Court finds that the fourth factor weighs in favor of dismissal.

With regard to the fifth factor (i.e., whether the imposition of sanctions less drastic than dismissal is appropriate), the Court begins by conceding that Magistrate Judge Danck's discussion of this factor is brief. Having said that, again, Plaintiff's post-Report-Recommendation submissions do not contest, and thus confirm, Magistrate Judge Dancks' finding that it would not be appropriate, under the circumstances, to impose sanctions less drastic than dismissal. Among such less-drastic sanctions are a reprimand, a fine, and a dismissal without leave to re-file through counsel. The Court finds that a reprimand would be ineffective to deter future delays because Plaintiff has already received and ignored two warnings, and has failed to offer an explanation (or even an apology) for his initial delay.[5] The Court finds that a fine would be inappropriate given Plaintiff's apparent financial status. The Court finds that the

---

[5] The Court notes that, according to Plaintiff's own submissions, he became a resident of the men's shelter on July 9, 2019, rendering particularly conspicuous the omission of any update in his address after that date. (Dkt. No. 54, at 1.)

requiring the assistance of counsel would hardly assure the prevention of future delays given that Plaintiff's second delay occurred through a lack of attentiveness on his part to a misstatement by counsel. For all of these reasons, the Court finds that the fifth factor weighs in favor of dismissal.

Based on a carefully balancing of these five factors, the Court finds that they weigh decidedly in favor of dismissal. As a result, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint (Dkt. No. 9) is dismissed in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 46) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) is *sua sponte* **DISMISSED** in its entirety for failure to prosecute and/or comply with the Local Rules of Practice of the Court and two Orders of the Court pursuant to Fed. R. Civ. P. 41(b).

Dated: November 25, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge