UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------X
RIGER MAYANDUENAS, f/k/a Mayan Duenas Riger

                         Plaintiff,                  PLAINTIFF'S MEMORANDUM
                                                     OF LAW IN SUPPORT OF MOTION
      -against-                              TO RECONSIDER OR REARGUE

BIGELOW, Corr. Officer, f/k/a Officer Bigelow;        9:18-cv-1161
HARRIMAN, Nurse Admin; FULLER, C.O.;             (GTS/TWD)
JASON BURDO, C.O., f/k/a Burgo; MAURER,
C.O.; and DIXON, Sgt.,

                        Defendants.
----------------------------------X

## PRELIMINARY STATEMENT

Plaintiff submits this Memorandum of Law in support of his motion for an order pursuant to Local Rule 7.1(g) granting plaintiff reconsideration or reargument of this Court's Decision and Order of November 25, 2019 which accepted and adopted in its entirety the September 9, 2019 Report and Recommendation of the Hon. Therese Wiley Dancks and *sua sponte* dismissed in its entirety plaintiff's amended complaint for failure to prosecute, together with such other and further relief as is just, proper, and equitable.

## STATEMENT OF FACTS

For a summary of facts relevant to this motion, plaintiff respectfully refers to the December 9, 2019 Declaration of Edward Sivin, Esq. (hereinafter "Sivin Declaration") and the exhibits annexed thereto. Plaintiff also refers this Court to the history of this litigation, as documented on PACER.

## ARGUMENT

For the purpose of this motion, plaintiff respectfully refers to, and adopts herein, the law as recited by this Court in its November 25, 2019 Decision and Order (*Docket No. 55*) and the

1

law as recited by Magistrate Judge Therese Wiley Dancks in the September 9, 2019 Report and Recommendation (hereinafter "R&R") (*Docket No. 46*). This Memorandum of Law therefore will be limited to application of that law to the facts of this case.

Addressing the five factors considered in a Rule 41(b) dismissal in light of the facts of this case, plaintiff's motion should be granted and plaintiff should be allowed to proceed with his litigation.

As to the first factor, duration of failure to comply with court orders, while "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution," N.D.N.Y. L.R. 41.2(a), here the presumption should be deemed rebutted by plaintiff's submissions. Immediately prior to his release, plaintiff did make some attempt to maintain contact with the Court; he sent two letters notifying the Court of his imminent release and of the fact that he no longer would be at his Attica address. *See Docket Nos. 34 and 38*. Following his release from prison, plaintiff took additional action, albeit someone uninformed, to continue his litigation. Unable to continue the litigation *pro se* due to a confluence of personal issues, in June 2019 plaintiff attempted to retain a lawyer to represent him. Thereafter, however, due to his precarious living situation and very difficult post-release demands, he was unable to keep in contact with his prospective lawyer.

As to the second factor, whether plaintiff was on notice that failure to comply would result in dismissal, plaintiff initially did not even have a cell phone, much less a registered email address on PACER. It was not until plaintiff returned to the law office of Sivin & Miller, LLP (hereinafter "S&M") on September 24, 2019 that he learned of the R&R and this Court's directive set forth below:

| 08/22/2019 | 41 | DECISION AND ORDER that Magistrate Judge Dancks' Report and Recommendations (Dkt. No. 36 ) is ACCEPTED and ADOPTED in its |

2

| | |
|---|---|
| | entirety. Defendants' motion for summary judgment (Dkt. No. 14 ) is DENIED. <u>Plaintiff is reminded of his duty to keep the Court informed of his current address, and warns him that his case will be dismissed for failure to prosecute, should he fail to do so.</u> Signed by Chief Judge Glenn T. Suddaby on 8/22/2019. (Copy served upon plaintiff via regular mail). (sal ) (Entered: 08/22/2019) |

As to the third factor, whether defendants are likely to be prejudiced by any further delay in these proceedings, it should be noted that defendants did not even respond to plaintiff's objections to the R&R. Thus, while Magistrate Dancks was correct in opining in the R&R that "[f]urther delay *may well affect* Defendants' ability to locate witnesses....", *see R&R, at p. 6 (emphasis added)*, that defendants raised no such concern in response to plaintiff's objections suggests that the delay in this case did not in fact affect defendants' ability to locate witnesses and did not otherwise prejudice defendants.

As to the fourth factor, while plaintiff recognizes the Court's interest in managing its docket, the delay in this case (which was filed in September 2018) has not been extreme. Moreover, the risk of further undue delay has now been minimized by plaintiff's formal retention of counsel, as indicated by the Notice of Appearance filed on December 6, 2019. *See Docket No. 57.* In his Declaration in support of the instant motion, plaintiff's counsel represents that "[g]iven the opportunity, [he] intend[s] to adhere to all deadlines set by the Court and will make every effort to litigate this lawsuit expeditiously."

As to the final factor, whether less drastic sanctions would be appropriate, plaintiff and his current counsel already are sufficiently chastened by the dismissal of plaintiff's lawsuit, as evidenced by their efforts to have the suit reinstated. Substituting that initial rebuke, perhaps with a conditional order of dismissal in the event of any future delay or noncompliance, would appear to be an appropriate, less drastic sanction.

3

## CONCLUSION

Based on the foregoing, it is respectfully requested that plaintiff's motion be granted, and that an order be made and entered pursuant to Local Rule 7.1(g) granting plaintiff reconsideration or reargument of this Court's Decision and Order of November 25, 2019 which accepted and adopted in its entirety the September 9, 2019 Report and Recommendation of the Hon. Therese Wiley Dancks and *sua sponte* dismissed in its entirety plaintiff's amended complaint for failure to prosecute, together with such other and further relief as is just, proper, and equitable.

Dated: New York, New York
       December 9, 2019

Yours, etc.
SIVIN & MILLER, LLP

By _____
Edward Sivin
Attorneys for Plaintiff
20 Vesey St., Suite 1400
New York, NY 10007
(212) 349-0300