UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RIGER MAYANDUENAS, f/k/a Mayan Duenas Riger,

                                            *Plaintiff*,

                  -against-                            18-CV-1161
                                                                     GTS/TWD

BIGELOW, Corr. Officer, f/k/a Officer Bigelow;
HARRIMAN, Nurse Admin.; FULLER, C.O.;
JASON BURDO, C.O., f/k/a Burgo; MAURER,
C.O.; and DIXON, Sgt.,

                                            *Defendants*.

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

                                                                 LETITIA JAMES
                                                                  Attorney General
                                                                  State of New York
                                                                  Attorney for Defendants
                                                                   The Capitol
                                                                  Albany, New York 12224-0341

Kostas Leris
Assistant Attorney General, of Counsel
Bar Roll No.   519646
Telephone:     (518) 776-2574
Email:           Kostas.Leris@ag.ny.gov

December 27, 2019

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

PLAINTIFF FAILS TO SATISFY THE STRINGENT REQUIREMENTS OF A
    MOTION FOR RECONSIDERATION. ........................................................................... 2

CONCLUSION ............................................................................................................................... 6

**PRELIMINARY STATEMENT**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 by filing a complaint on September 26, 2018 in the United States District Court for the Northern District of New York. Dkt. 1.  On December 3, 2018, plaintiff filed an Amended Complaint, which is now the operative pleading in this action.  Dkt. 9.

On September 9, 2019, Magistrate Judge Dancks issued a Report and Recommendation recommending that plaintiff's complaint be *sua sponte* dismissed for failure to prosecute this action.  *See* Dkt. 46.  On November 25, 2019, Chief Judge Suddaby issued a Decision and Order accepting and adopting Judge Dancks' Report and Recommendation and dismissing plaintiff's Complaint (the "Decision and Order").  *See* Dkt. 55.

On December 6, 2019, plaintiff formally retained counsel [Dkt. 57], who, on December 9, 2019, filed the instant motion for reconsideration of the November 25, 2019 Decision and Order pursuant to Local Rule 7.1(g).  *See* Dkt. 58.  Rather than submitting the required evidence under Local Rule 7.1 for a proper reargument analysis, Plaintiff contends that the Court should embark in a reanalysis of the five factors previously relied upon in the Court's Decision and Order.  *See* Dkt. 58-1, p. 2[1].  Plaintiff, however, fails to satisfy the required elements under the burdensome reargument standard, and regardless, offers unavailing "new" evidence to disturb the Court's prior application of the Rule 41(b) standard.

Defendants submit this memorandum of law in opposition to plaintiff's motion for reconsideration.  As will be set forth below, plaintiff's motion should be denied because he has failed to satisfy the stringent requirements of a motion for reconsideration.

---

[1] All citations made to specific pages of docket entries refer to the page numbers assigned by the Court's Electronic Court Filing (ECF) System.

1

**ARGUMENT**

**PLAINTIFF FAILS TO SATISFY THE STRINGENT REQUIREMENTS OF A MOTION FOR RECONSIDERATION.**

**A.  Legal Standard**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).  *See Clookey v. Citibank, N.A.*, 14-CV-1318, 2016 WL 3365438, at *1 (N.D.N.Y. June 16, 2016).  The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id*. (citations omitted).

Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.  *See In re Health Mngmt. Systems Inc., Securities Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000).  Accordingly, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995).  This strict standard is meant to dissuade repetitive arguments on issues that have already been fully considered by the Court [*Ruiz v. Commissioner of D.O.T. of City of New York*, 687 F.Supp. 888, 890 (S.D.N.Y. 1988), *mod. on other grounds*, 934 F.2d 450 (2d Cir.1991)] and to prevent the practice of a losing party subsequently plugging the gaps of a lost motion with additional matters.  *See U.S. v. Berger*, 188 F.Supp.2d 307, 338-339 (S.D.N.Y. 2002) (*citing SEC v. Ashbury Capital Partners, L.P.*, 2001 WL 604044, *1 (S.D.N.Y. 2001)).

The Court's initial decision is not to be treated as the opening of a dialogue in which a litigant may then use a motion for reconsideration to advance new theories or adduce new evidence

2

in response to the court's rulings. *See Wechsler v. Hunt Health Systems, Ltd.*, 186 F.Supp.2d 402, 410 (S.D.N.Y. 2002). Indeed, "[t]he law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on [the original] motion." *R.B., on behalf of his minor child, A.B., v. The Dep't of Educ. of the City of New York,* 10 Civ. 6684, 2012 WL 2588888, at *4 (S.D.N.Y. July 2, 2012) (citations omitted); *See also Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.") (citations omitted); *cf. Tatum v. City of New York*, 06 Civ. 4290, 2009 WL 976840, at *1 (S.D.N.Y. Apr. 9, 2009).

### B. Plaintiff's Motion Must Be Dismissed As He Fails to Establish the Three Elements Necessary for the Extraordinary Relief of Reargument

At the outset, plaintiff concedes that there has been no intervening change in the controlling law governing this motion—the first ground upon which reconsideration may be granted. *See* Dkt. 58-1, pp. 1 – 2 ("For the purpose of this motion, plaintiff respectfully refers to, and adopts herein, the law as recited by this Court in its November 25, 2019 Decision and Order (*Docket No. 55*) … This Memorandum of Law therefore will be limited to the application of that law to the facts of this case."). Furthermore, plaintiff fails to address the two remaining grounds upon which a motion for reconsideration may be granted. *See generally* Dkt. 58-1.

Instead, in his motion, plaintiff simply addresses each of the five factors considered in a Rule 41(b) dismissal and sets forth "new" arguments and wholly irrelevant facts—his formal retention of counsel—for the Court to consider. Dkt. 58-1, pp. 2 – 3. Plaintiff's arguments are, however, wholly unavailing and should be disregarded as: (1) plaintiff fails to demonstrate why his arguments were not offered in either the letter filed by his attorney on September 24, 2019 [Dkt. 48], or any of the letters filed by plaintiff [Dkt. Nos. 49, 52, 53 and 54]—all of which were

3

filed before the Court issued the November 25, 2019 Decision and Order [Dkt. 55]; and (2) plaintiff fails to demonstrate why he could not formally retain counsel before December 6, 2019, even though his attorney had filed multiple letters on his behalf as early as September 24, 2019 [Dkt. 48]—62 days before the Court issued the November 25, 2019 Decision and Order.

Thus, plaintiff's motion for reconsideration should be denied as it is being used solely as a vehicle to relitigate issues previously decided by this Court. *See Shrader*, 70 F.3d at 257.

### C. Regardless, Plaintiff's Improper Analysis of the Rule 41(b) Elements is Unavailing

Rather than address the three elements salient to a motion for reargument under *Clookey*, Plaintiff's motion improperly focuses on the five elements considered in the Court's underlying Rule 41(b) dismissal[2]. Dkt. 55 at 6-9. While a closer look at these five factors is unnecessary in light of the prevailing standard on reargument, should the Court wish to consider these arguments they are equally unavailing.

    i.    <u>Rule 41(b) Element 1: Duration of Failure to Prosecute</u>

With respect to plaintiff's argument as to the first factor—that the presumptive evidence of lack of prosecution should be deemed rebutted [Dkt. 58-1, p. 2]—this argument is meritless. The Court previously considered this argument in determining that plaintiff is ultimately accountable for his 169-day delay in providing a correct address. *See* Dkt. 58-1, pp. 2 – 3.

    ii.    <u>Rule 41(b) Element 2:  Notice of Failure to Prosecute</u>

With respect to plaintiff's argument as to the second factor—that plaintiff did not learn that his failure to comply would result in dismissal until September 24, 2019 [Dkt. 58-1, p. 2]—this argument is equally unavailing. Not only were the Local Rules readily available for plaintiff at

---

[2] Worth noting is the fact that Plaintiff's motion fails to address why these "new" facts and arguments were not presented to the Court in any of the five (5) letters previously filed by his attorney [Dkt. Nos. 48, 49, 52, 53 and 54].

4

the library of Attica Correctional Facility between the date of commencement and the date of plaintiff's release [Dkt. 55, p. 9], but plaintiff was specifically warned by this Court on at least two occasions prior to his release that a failure to update his address will result in dismissal of this action. *See* Dkt. 5, p. 16; Dkt. 12, p. 8.

      iii.      Rule 41(b) Element 3:  Prejudice to Defendant by Further Delay

Plaintiff's argument with respect to the third factor—that defendants' decision to not respond to plaintiff's objections to the September 9, 2019 Report and Recommendation [Dkt. 46] suggests that the delay in this case did not actually affect defendants' ability to locate witnesses or otherwise prejudice defendants [Dkt. 58-1, p. 3]—is futile.  Plaintiff is attempting to present new arguments for the Court to consider without demonstrating why they could not have been presented in his post-Report-Recommendation objections—*i.e.,* plaintiff provides no explanation why his post-Report-Recommendation submissions fail to contest Magistrate Judge Dancks finding of likely prejudice, nor does plaintiff address the 169-day delay in providing a correct address.

      iv.      Rule 41(b) Element 4:  Balancing Interests of Docket Management and Fairness

Plaintiff's argument regarding the fourth factor—that the risk of further undue delay has been minimized by plaintiff's formal retention of counsel—relies on newly discovered evidence without demonstrating why he could not formally retain counsel prior to the issuance of the November 25, 2019 Decision and Order.

      v.      Rule 41(b) Element 5:  Less Drastic Sanctions

Finally, plaintiff's argument regarding the fifth factor—that the less drastic sanction of a conditional order of dismissal is appropriate—fails to acknowledge: (1) that the Court addressed numerous sanctions that would be less-drastic than dismissal and found that, under these

circumstances, they would not be appropriate; and (2) that plaintiff did not address this argument in his objections to the Report and Recommendation [Dkt. 49].

In sum, plaintiff's motion should be denied because he has not identified any facts that the Court may have overlooked in the November 25, 2019 Decision and Order. Instead, plaintiff is advancing "new" facts and arguments not previously presented to the Court, which are both insufficient to satisfy the stringent standard of a motion for consideration and substantively irrelevant. *See Shrader*, 70 F.3d at 257.

## CONCLUSION

For the foregoing reasons defendants respectfully request that the Court deny plaintiff's motion for reconsideration, together with such other and further relief that this Court deems just, proper, and equitable.

Dated: Albany, New York
       December 27, 2019

>                    LETITIA JAMES
>                    Attorney General of the State of New York
>                    Attorney for Defendants
>
>              By: *s/ Kostas D. Leris*
>                    Kostas D. Leris
>                    Assistant Attorney General, of Counsel
>                    Bar Roll No. 519646
>                    The Capitol
>                    Albany, New York 12224
>                    Telephone: (518) 776-2574
>                    Email: Kostas.Leris@ag.ny.gov

TO: **Edward Sivin, Esq.**
    Via: CM/ECF