UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RIGER MAYANDUENAS, formerly known as Riger Mayandeunas, formerly known as Mayan Duenas Riger,<br><br>         *Plaintiff*,<br><br> -against-<br><br>BIGELOW, Correction Officer, formerly known as Officer Bigelow, et al.,<br><br>         *Defendants*. | **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**<br><br>9:18-CV-1161<br>(AMN/TWD) |

_____

   Defendants respectfully request the Court charge the jury in accordance with the following instructions.

Dated: September 8, 2023
    Albany, New York

                    LETITIA JAMES
                    Attorney General
                    State of New York
                    *Attorney for Defendants*
                    The Capitol
                    Albany, New York 12224-0341

                    By: *s/ Kostas D. Leris*
                    Kostas D. Leris
                    Assistant Attorney General, of counsel
                    Bar Roll No. 519646
                    Tel.: (518) 776-2574
                    Kostas.Leris@ag.ny.gov

                    By: *s/ Amanda K. Kuryluk*
                    Amanda K. Kuryluk
                    Assistant Attorney General, of counsel
                    Bar Roll No. 516864
                    Tel.: (518) 776-2621
                    Amanda.Kuryluk@ag.ny.gov

# Table of Contents

**Elements of a Claim Under Section 1983** ................................................................................. 1

**Second Element – Violation of Federal Rights** ........................................................................ 2

**State Law Irrelevant** ................................................................................................................... 3

**Claimed Violation of Eighth Amendment – Excessive Force** ................................................ 4

**Third Element – Proximate Cause of Injury** ........................................................................... 7

**Qualified Immunity** ..................................................................................................................... 8

**Liability** ......................................................................................................................................... 9

**Personal Involvement of Supervisory Official – No Vicarious Liability** ............................. 10

**Damages** ...................................................................................................................................... 11

**Nominal Damages** ..................................................................................................................... 12

**Damages Not Punitive** ............................................................................................................... 13

**Damages Not Speculative** ......................................................................................................... 14

**Punitive Damages Instruction (If Necessary)** ......................................................................... 15

**Effect of Instructions as to Damages** ....................................................................................... 16

**Elements of a Claim Under Section 1983**

To establish a claim under Section 1983, the Plaintiff must prove by a preponderance of the evidence each of the following three elements:

FIRST: That the conduct complained of was committed by a person acting under color of state law;

SECOND: That this conduct deprived the Plaintiff of rights secured by the Constitution and laws of the United States; and

THIRD: That this conduct caused an injury to the Plaintiff.

Plaintiff must prove all three elements. Thus, if you find that any one of the three elements of Plaintiff's claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendants.

The Defendants in this case are **Shane Bigelow, Jason Burdo, Ronald Fuller, and Kenneth Maurer**. None of the parties in this case dispute that the Defendants were acting in the relevant instances "under color of state law."

I will now examine each of the remaining two elements in greater detail.

AUTHORITY: Devitt and Blackmar, § 103.04.

**Second Element – Violation of Federal Rights**

Plaintiff must prove that the Defendants deprived him of a federal right secured by the Constitution or federal law. To show that he was deprived of a federal right, the Plaintiff must prove three things by a preponderance of the evidence: (1) the Defendants committed the acts that Plaintiff alleges; (2) these acts resulted in a loss of a federal right; and (3) in performing those acts, the Defendants acted intentionally.

I instruct you that an act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.

AUTHORITY:	Minotti v. Lensink, 798 F.2d 607 (2d Cir. 1986); Mont v. Heintz, 849 F.2d 704 (2d Cir. 1988); Gutierrez v. Coughlin, 841 F.2d 484, 486 (2d Cir. 1988).

## **State Law Irrelevant**

I instruct you again that Plaintiff bears the burden of proving that the Defendants deprived him of a *federal* right.  You must bear in mind that the case against the Defendants concerns whether there was a violation of Plaintiff's federal constitutional rights.  In this regard, whether or not a State procedural violation occurred is completely irrelevant to your deliberations.  Therefore, if you find merely that the Defendants failed to follow a State law or prison rule, regulation, policy, procedure, or directive, this would not be sufficient to establish a violation of the Plaintiff's federal constitutional rights.

AUTHORITY: Pennhurst v. Halderman State Hospital, 465 U.S. 89 (1984); Minotti v. Lensink, 798 F.2d 607 (2d Cir. 1986); Mont v. Heintz, 849 F.2d 704 (2d Cir. 1988); Gutierrez v. Coughlin, 841 F.2d 484, 486 (2d Cir. 1988); Bolden v. Alston, 810 F.2d 353, 358 (2d Cir. 1987), cert. denied, 484 U.S. 896 (1987).

**<u>Claimed Violation of Eighth Amendment – Excessive Force</u>**

The Plaintiff alleges that Defendants Bigelow, Burdo, Fuller, and Maurer violated his rights protected by the Eighth Amendment of the United States Constitution on January 14, 2018 by subjecting him to the malicious or sadistic use of excessive physical force through Defendants' use of excessive force upon Plaintiff, and otherwise causing him physical injury.

Plaintiff bears the burden of proving his excessive-force claims by the preponderance of the evidence. In order to establish his claim for violation of the Eighth Amendment, Plaintiff must prove: (1) that the Defendant used force against him; and (2) that such force was used maliciously and sadistically for the very purpose of causing harm, rather than in a good-faith effort to maintain or restore discipline.

If the Plaintiff shows that force was in fact used, it is not enough to show that, in hindsight, the amount of force seems unreasonable: Plaintiff must show that the Defendants used force maliciously, for the very purpose of causing harm. When I use the word "maliciously," I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty. Mr. Mayanduenas must also prove that the Defendants' use of excessive force caused some physical injury to him.

Plaintiff must also prove that Defendants use of force caused some physical injury to him that was more than *de minimis*, or minimal.

In deciding whether Mr. Mayanduenas has proven this claim, you should consider whether the Defendants, or any of them, actually used force against Plaintiff; and, if so, whether there was a need for the application of force; and the relationship between that need, if any, and the amount of force applied. In considering whether there was a need for force, you should consider all the relevant facts and circumstances that Defendants reasonably believed to be true at the time of the

encounter. Such circumstances can include whether the Defendants reasonably perceived a threat to the safety of staff or inmates and, if so, the extent of that threat. In addition, you should consider whether the Defendants made any efforts to temper the severity of the force applied.

You should also consider whether the Plaintiff was physically injured and the extent of such injury. Although a malicious and sadistic use of force can violate the Eighth Amendment even if it produces no significant physical injury, the extent of any actual physical injuries may help you to assess whether a use of force was legitimate.

In the context of a prison, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. Indeed, not even every malevolent touch by a prison guard gives rise to a federal cause of action. This is because Correction officers are given the lawful authority to use such physical force as may be reasonably necessary to enforce compliance with proper instructions and to protect themselves and others from physical harm from an inmate. However, when correction officers maliciously and sadistically use force to cause harm to a prisoner, and the prisoner suffers some physical injury, the result is cruel and unusual punishment under the Eighth Amendment, regardless of the seriousness or significance of the injury to the prisoner.

In order to find that Defendants Bigelow, Burdo, Fuller, and Maurer violated the Plaintiff's Eighth Amendment rights by using excessive force, you must find that the Plaintiff has proven each one of the elements described above by a preponderance of the evidence. If you do find that the Plaintiff has failed to prove any one of these elements, then you cannot find that Defendants Bigelow, Burdo, Fuller, and Maurer violated the Plaintiff's Eighth Amendment rights.

AUTHORITY:     Adapted from the guidance of the U.S. Circuit Court of Appeals for the Third Circuit, 4.10 – Section 1983 Excessive Force—Convicted Prisoner; Henry v. Dinelle, 929 F.Supp.2d 107, 116-17 (N.D.N.Y. 2013); Bodie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997); Warth v. Seldin, 422 U.S. 490,

501 (1975); Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983); M.F. v. Reish, 1996 U.S. Dist. LEXIS 8802, at *11-13 (S.D.N.Y. Jun. 21, 1996); Henry v. Dinelle, 929 F. Supp. 2d 107, 116 (N.D.N.Y. 2013); Delee v. Hannigan, 729 Fed. Appx. 25, 29 (2d Cir. 2018) (summary order); see also Crawford v. Cuomo, 796 F.3d 252 (2d Cir. 2015); Coffeey v. Hollenbeck, No. 9:14-CV-196 (DNH/CFH), 2016 WL 770087, at *10 (N.D.N.Y. Jan. 27, 2016).

**Third Element – Proximate Cause of Injury**

Plaintiff must also show by a preponderance of the evidence that Defendants' acts and conduct were the "proximate cause" of the Plaintiff's injuries. A proximate cause is one without which the injury would not have occurred, and which *naturally*, or *foreseeably*, produces the injury.

Stated another way, before Plaintiff may recover damages for any injuries from the Defendants, he must first show by a preponderance of the evidence that such injury would not have come about were it not for the Defendants' conduct. Even if he shows that, however, Plaintiff must also show, by a preponderance of the evidence, that the injury in question could reasonably have been foreseen as a consequence of Defendant's conduct.

An injury does not foreseeably result from Defendants' conduct where the injury is also caused by some other intervening cause other than Defendants' conduct. An intervening cause is one that constitutes a new and independent source of the Plaintiff's injury. A new factor of the Plaintiff's injury which is not foreseeable by Defendants prevents that Defendants from being liable for the Plaintiff's injury, even if the Defendants' conduct was one of the causes of these injuries.

AUTHORITY:     Martinez v. California, 444 U.S. 277 (1980); Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977); Taylor v. Allis-Chalmers Manufacturing Company, 320 F.Supp 1381 (E.D. Pa. 1969), aff'd, 436 F.2d 416 (3d Cir, 1970); Johnson v. Geer, 477 F.2d 101 (5th Cir. 1973).

## **Qualified Immunity**

Defendants contend that the jury should only be instructed on Qualified Immunity if liability is found. In the event liability is found, Defendants set forth the following jury instruction:

Based on your verdict, the Court must rule on an affirmative defense raised by the Defendants for which I require your assistance in making some related factual findings. I am therefore going to ask you to answer a series of factual questions, or special interrogatories. You will notice that these questions ask you whether the <u>Defendants</u> have established certain facts by a preponderance of the evidence, where as your prior verdict reflected a decision as to whether the <u>Plaintiff</u> satisfied his burden of proof by a preponderance. You need not concern yourself with why the burden of proof is different with respect to these special interrogatories; but you should determine whether <u>Defendants</u> established the facts which are the subjects of these questions, as posed.

Your responses to these special interrogatories must reflect your unanimous agreement as to each answer. After you have answered these questions, your foreperson should sign and date the special interrogatory form and advise the marshal that you have completed it.

**Liability**

If you determine that the Defendants deprived the Plaintiff of his constitutional rights *and* that a reasonable person in the Defendants' position would have known that his or her conduct violated the Plaintiff's constitutional rights, your verdict will be in favor of the Plaintiff, and you will go on to consider the damages to which the Plaintiff is entitled. If you determine that the Defendants did *not* deprive the Plaintiff of his constitutional rights, then your verdict will be in favor of the Defendants. I remind you that your verdict, either for the Plaintiff or for the Defendants, must be unanimous.

AUTHORITY:   Whitley v. Albers, 475 U.S. 312 (1986); Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Hudson v. McMillian, 112 S. Ct. 995, 999 (1992); Martinez v. California, 444 U.S. 277 (1980); Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977); Beverly v. Connor, 330 F. Supp. 18 (S.D. Ga. 1971); Taylor v. Allis-Chalmers Manufacturing Company, 320 F. Supp. 1381 (E.D. Pa. 1969), aff'd, 436 F.2d 416 (3d Cir. 1970); Johnson v. Geer, 477 F.2d 101 (5th Cir. 1973); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Anderson v. Creighton, 107 S. Ct. 3034 (1987); Davis v. Scherer, 468 U.S. 183 (1984).

**Personal Involvement of Supervisory Official – No Vicarious Liability**

A Defendant may only be held liable for a Constitutional violation under Section 1983 if he is personally involved. It is the Plaintiff's burden to establish that each Defendant, individually, including supervisory officials, were sufficiently personally involved. To establish that a defendant was personally involved, a Plaintiff must prove that the defendant, through his or her own actions, has violated the Constitution, and has done so with the requisite state of mind: maliciously and sadistically for the very purpose of causing harm. The mere fact that an official holds a position in a hierarchical chain of command, without more, does not establish his or her personal involvement. The Plaintiff must prove a tangible connection between the acts of a Defendant and the injuries that he claims he has suffered.

AUTHORITY:   Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Tangreti v. Bachmann, 983 F.3d 609 (2d Cir. 2020); Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)

**Damages**

I will now address the issue of damages. The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

If you find in favor of Plaintiff, then you should award Plaintiff such an amount of money as you believe will fairly and justly compensate him for any damages you believe he sustained, and is reasonably certain to sustain in the future, as a result of the injuries and damages established by the evidence. You shall award actual damages only for those injuries that you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants.

Plaintiff cannot rely upon his own self-serving, non-expert assertions to establish that he suffered a compensable injury. Furthermore, you may not simply award damages for *any* injury suffered by the Plaintiff. Instead, you must award actual damages only for those injuries that are a direct result of the conduct of the Defendants. Thus, even if you find that the Defendants deprived the Plaintiff of a federal right, you must still ask whether the Plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered. Actual damages must not be based on speculation or sympathy; they must be based on the evidence presented at trial and only on that evidence.

AUTHORITY: Devitt & Blackmar, § 92.16; Memphis Community School District v. Stachura, 106 S Ct 2537, 2541-45 (1986); Carey v. Piphus, 435 U.S. 247, 253-67 (1978); Smith v. Coughlin, 698 F2d 112 (2d Cir 1983); *Smith v Coughlin*, 748 F2d 783, 789 (2d Cir 1984).

**Nominal Damages**

If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar. Nominal damages must be awarded when the Defendants have deprived the Plaintiff of a constitutional right but the Plaintiff has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the Plaintiff has suffered no injury as a result of the Defendants' conduct, other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

AUTHORITIES:   Devitt & Blackmar, § 92.16; Memphis Community School District v. Stachura, 106 S Ct 2537, 2541-45 (1986); Carey v. Piphus, 435 US 247, 253-67 (1978); Smith v. Coughlin, 698 F2d 112 (2d Cir 1983); Smith v. Coughlin, 748 F2d 783, 789 (2d Cir 1984).

## **Damages Not Punitive**

If you should find that the Plaintiff is entitled to recover compensatory damages, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the Defendants, or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney fees.

AUTHORITY:  Devitt and Blackmar, § 85.16.

## **Damages Not Speculative**

Damages must be reasonable. You are not permitted to award damages based on speculation or conjecture.

AUTHORITY:      Devitt and Blackmar, § 85.08; Estelle v. Gamble, 429 U.S. 97 (1976).

**Punitive Damages Instruction (If Necessary)**

**[The Defendants contend that the evidence does not warrant the submission of the punitive damages issue to the jury. Therefore, the jury should not be charged on punitive damages. In the event the Court rejects this request, the Defendants propose the following language for a punitive damages charge.]**

Plaintiff has asked for punitive damages in this case. Punitive damages are not favored in law and are to be allowed only with caution and within narrow limits. They are to be awarded in cases brought under §1983 only if you determine that Plaintiff proved, by a preponderance of the evidence, that the conduct of the Defendants was motivated by evil motive or intent. Punitive damages may be awarded only to punish a defendant for extreme or outrageous conduct, or to prevent or deter a defendant or others in her position from engaging in such conduct in the future.

If you find that Plaintiff has failed to sustain the burden of showing that punitive damages are appropriate, you should indicate this finding on the verdict form.

If you decide to award punitive damages against the Defendants in this case, we will reconvene for a further hearing so that you may consider the amount of personal assets and liabilities of the Defendants in fixing the amount of punitive damages which you may opt to assess.

AUTHORITY:   Zarcone v. Perry, 572 F.2d 52, 56 (2d Cir. 1978); McFadden v. Sanchez, 710 F.2d 907, 912-14 (2d Cir), cert. den., 464 U.S. 961 (1983); Smith v. Wade, 461 U.S. 30, 56 (1983); Carey v. Piphus, 435 U.S. 247, 257 n. 11 (1978); Gagne v. Town of Enfield, 734 F.2d 902 (2d Cir. 1984); 3 E. Devitt, C. Blackmar, M. Wolff, Federal Jury Practice and Instructions §§ 104.07, 105.03 (4th ed. 1987).

**Effect of Instructions as to Damages**

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability, by a preponderance of evidence and in accord with the other instructions.

AUTHORITY:      Devitt and Blackmar, § 71.1.

Dated: September 8, 2023
       Albany, New York

                                            LETITIA JAMES
                                            Attorney General
                                            State of New York
                                            *Attorney for Defendants*
                                            The Capitol
                                            Albany, New York 12224-0341

                                            By: *s/ Kostas D. Leris*
                                            Kostas D. Leris
                                            Assistant Attorney General, of counsel
                                            Bar Roll No. 519646
                                            Tel.: (518) 776-2574
                                            Kostas.Leris@ag.ny.gov

                                            By: *s/ Amanda K. Kuryluk*
                                            Amanda K. Kuryluk
                                            Assistant Attorney General, of counsel
                                            Bar Roll No. 516864
                                            Tel.: (518) 776-2621
                                            Amanda.Kuryluk@ag.ny.gov

TO:   All Attorneys of Record (*via* CM/ECF)