UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

RIGER MAYANDUENAS,
f/k/a Mayan Duenas Riger,

        Plaintiff,

  - against -

BIGELOW, Corr. Officer,
f/k/a Officer Bigelow, et al.,

        Defendants.

Case No.
9:18-cv-01161 (AMN/TWD)

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE***

**Sivin, Miller & Roche LLP**
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 1

    I.    Defense Counsel Should Not Be Permitted To Inquire Into Plaintiff's Felony Conviction .................................................................................... 1

    II.    Defendants Should Not Be Permitted To Question Plaintiff Regarding His Disciplinary History ............................................................ 3

    III.    Plaintiff Should Not Be Precluded From Offering Evidence Disputing That His Assault Of Staff Initiated The Use Of Force ................ 5

        A.    *Heck* and *Edwards* Are Not Evidentiary Doctrines ........................... 5

        B.    The Cases Cited By Defendants Are Distinguishable ....................... 6

    IV.    Evidence Or Argument Of A Conspiracy ............................................ 7

    V.    Characterizing Or Referring To Defendants And/Or DOCCS' Employees As A "Goon Squad", "Beat Up Squad", "Thugs", Or Other Related Terms ................................................................................. 7

    VI.    Making Reference To Defendants Being Indemnified By The State ... 8

    VII.    Plaintiff Should Not Be Precluded From Making Reference To Either The Presence Or Absence Of Fixed Cameras .................................. 8

    VIII.    Claims That This Court Previously Dismissed .............................. 8

    IX.    Reference To Specific Dollar Amount Of Compensatory Or Punitive Damages ................................................................................. 9

    X.    Medical Records Relating To Plaintiff's Subsequent Care And Treatment ................................................................................................ 10

CONCLUSION .............................................................................................. 10

**PRELIMINARY STATEMENT**

Plaintiff respectfully submits this memorandum in opposition to Defendants' Motion *In Limine*.

**ARGUMENT**

**I.   Defense Counsel Should Not Be Permitted To Inquire Into Plaintiff's Felony Conviction**

Defendants argue that because "[p]laintiff's credibility is a central issue in this case[,]" they should be permitted to inquire into Plaintiff's felony conviction because it is "probative of his disregard for truthfulness." *See* ECF No. 117 (hereinafter "Defs.' Motion *In Limine*"), at 5-8. As discussed at greater length in Plaintiff's Motion *In Limine*, *see* ECF No. 119 ("Plf.s Motion *In Limine*") at 5-9, Defendants should not be permitted to inquire into Plaintiff's felony conviction at trial.

First, "[c]rimes of sexual violence … lack probative value as to honesty or veracity." *Bradshaw v. Burns*, 2023 U.S. Dist. LEXIS 26203, at *5 (N.D.N.Y. 2023), and do not qualify as crimes requiring proof of dishonesty or a false statement. *See, e.g.*, *Doe v. Lima*, 2020 U.S. Dist. LEXIS 25558, at *18 (S.D.N.Y. 2020) ("[Plaintiff]'s sex offenses fail to qualify as *crimen falsi* under Second Circuit law and are outside the reach of Rule 609(a)(2)"). Indeed, Courts have repeatedly determined that a witness's sex-offense conviction has little relevance to his or her truthfulness. *See, e.g.*, *Thomas v. Leifeld*, 2018 U.S. Dist. LEXIS 116008, at *5 (N.D.N.Y. 2018) ("[C]onvictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, [and] Sexual Abuse in the Second Degree … are not particularly probative as to honesty and veracity."); *Maize v. Nassau Health Care Corp.*, 2012 U.S. Dist.

LEXIS 37058, at *7 (E.D.N.Y. 2012) ("Rape does not involve dishonesty or false statements.") (quoting *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985) (noting that "a conviction for rape [is] not highly probative of credibility.")); *United States v. Rosa*, 11 F.3d 315, 336 (2d Cir. 1993) (affirming exclusion of evidence of rape "as having an insufficient bearing on the witness's credibility"); *United States v. Calderon-Urbina*, 756 F. Supp. 2d 566, 570 (S.D.N.Y. 2010) (holding that "evidence of an incident of sodomy and rape is not probative of veracity"); *see also* 4 Weinstein's Fed. Evid. § 609.04 (noting that admissibility under Rule 609(a)(2) "has been withheld from … [s]ex offenses.").

Second, whatever minimal probative value that inquiry into Plaintiff's sex-offense conviction has is substantially outweighed by the danger of unfair prejudice, which is why courts so often exclude evidence of sex-offense convictions. *See, e.g.*, *Calderon-Urbina*, 756 F. Supp. 2d at 570 ("[E]vidence of such sex crimes [sodomy and rape] is likely to be more prejudicial than probative, as well as inflammatory."); *United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996) (excluding cross-examination into a witness's prior arrest for rape); *see also Sedney v. Blot*, 2003 U.S. Dist. LEXIS 21364, at *3 (S.D.N.Y. 2003) (precluding defendants from introducing evidence of plaintiff's prior rape conviction on the grounds that the "probative value of the details of Plaintiff's prior convictions is substantially outweighed with respect to the issue of credibility by the potential for unfair prejudice to Plaintiff arising from jury attention to the details of his criminal history").

In light of the abundance of authorities weighing against inquiry into past convictions for sex offenses and lack of authorities to the contrary,[1] it is difficult to see how Defendants' request to inquire into "the 'essential facts' of Plaintiff's felony convictions," which conspicuously includes "the statutory name[] of the offense," *see* Defs.' Motion *In Limine* at 7-8, is meant to serve any purpose but to "inflam[e] the jurors' prejudice against [Plaintiff], their … emotional response to an event otherwise factually unconnected to his testimony or the facts of the case eclipsing whatever veracity he may otherwise have had in their eyes." *Bradshaw*, 2023 U.S. Dist. LEXIS 26203, at *7 (alteration in original) (citing *Maize*, 2012 U.S. Dist. LEXIS 37058, at *9).

Even Defendants' request for a more limited inquiry into the fact that Plaintiff was "convicted of a felony, the date of the Plaintiff's felony conviction, and the overall sentence imposed," *see* Defendants' Motion *In Limine* at 8, would be prejudicial and needlessly cumulative, as there will be no dispute at trial that the subject incident occurred while Plaintiff was incarcerated at Clinton Correctional Facility. For the foregoing reasons, and as more thoroughly explained in Plf.'s Motion *In Limine*, Defendants should be precluded from offering any evidence of Plaintiff's past criminal conviction at trial.

## II. Defendants Should Not Be Permitted To Question Plaintiff Regarding His Disciplinary History

Defendants seek to cross-examine Plaintiff regarding his prison disciplinary record. In particular, they seek permission to question Plaintiff regarding

---

[1] Indeed, none of the cases cited by Defendants involve past convictions for sex offenses. *See Crenshaw v. Herbert*, 409 Fed. Appx. 428 (2d Cir. 2011) (robbery conviction); *Brevard v. Schunk*, 2020 U.S. Dist. LEXIS 11089 (N.D.N.Y. 2020) (robbery and possession of a forged instrument); *Shepherd v. Smith*, 2019 U.S. Dist. LEXIS 178838 (N.D.N.Y. 2019) (robbery and possession of stolen property).

3

his being found guilty of assaulting another incarcerated individual, assaulting staff, creating disturbances, refusing a search/frisk, and violating direct orders at a disciplinary hearing in connection with an incident that occurred on June 24, 2017. *See* Defs.' Motion *In Limine* at 9.

In support, they cite *Tapp v. Tougas*, 2018 U.S. Dist. LEXIS 66743 (N.D.N.Y. 2018), where the court allowed the defendants to inquire into a disciplinary infraction where the plaintiff was found guilty of "false info," "impersonation," and "counterfeiting." *Id.* at *10. The court *did not*, however, allow the defendants to question the plaintiff regarding his being found guilty of "bribery/extort[ion]," reasoning that, unlike the former charges, the latter had no bearing on truthfulness. *See id.* (citing Fed Rule of Evidence 608(b)).

Here, Defendants have provided no explanation or proof as to why the charges that Plaintiff was found guilty of in connection with the June 2017 incident crimes bear on Plaintiff's character for truthfulness. As the Second Circuit acknowledged in *United States v. Estrada*, 430 F.3d 606 (2d Cir. 2005), "much successful crime involves some quantum of stealth, [but] all such conduct does not, as a result, constitute [a] crime of dishonesty or [a] false statement ...." *Id.* at 614. Without more, Defendants should be precluded from questioning Plaintiff regarding the charges in connection with the June 2017 incident.[2] *See e.g.*, *Mason v. Moore*, 2021 U.S. Dist. LEXIS 176122, at *5 (N.D.N.Y. 2021) ("Defendants are precluded from questioning Plaintiff regarding his disciplinary record. Defendants have failed to demonstrate how these particular

---

[2] In any event, "the actual disciplinary histories [should] not [be] admissible to attack character for truthfulness because they are extrinsic evidence prohibited by Rule 608(b)." *Tapp*, 2018 U.S. Dist. LEXIS 66743, at *10. *See Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (FRE "Rule 608(b) . . . prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility").

4

disciplinary findings 'have any bearing on character for truthfulness.' The referenced charges themselves do not clearly demonstrate that they bear on Plaintiff's veracity.") (citing *Tapp*, 2018 U.S. Dist. LEXIS 66743, at *10, and *Shepherd v. Smith*, 2019 U.S. Dist. LEXIS 178838, at *15-17 (N.D.N.Y. 2019)).

### III. Plaintiff Should Not Be Precluded From Offering Evidence Disputing That His Assault Of Staff Initiated The Use Of Force

#### A. *Heck* and *Edwards* Are Not Evidentiary Doctrines

Defendants argue that Plaintiff should be precluded under *Heck* and *Edwards* from offering evidence inconsistent with the results of his disciplinary findings. To that end, they rely on a Frankensteinian evidentiary rule, *see Balkum v. Leonard*, 2020 U.S. Dist. LEXIS 11509, *6 (W.D.N.Y. 2020) ("the holdings of *Heck*, *Edwards*, and *Shapard considered in combination* …) (emphasis added), with little basis in the law.

With careful attention to federal law both inside and outside of the Second Circuit, the Honorable Judge Sannes has twice explained—first in *Smith v. Saunders*, 2017 U.S. Dist. LEXIS 227032 (N.D.N.Y. 2017), then in *Diggs v. Guynup*, 621 F. Supp. 3d 315 (N.D.N.Y. 2022)—why this rule should not follow from the authorities relied upon by Defendants.

Because "[t]he focus of *Heck* and related Supreme Court cases is on 'whether a claim itself is viable, not whether evidence is admissible … courts have ruled that *Heck* 'is not an evidentiary doctrine' and therefore 'cannot bar evidence in a § 1983 action.'" *Diggs*, 621 F. Supp. 3d at 324 (quoting *Hackworth v. Rangel*, 482 F. App'x 299 (9th Cir. 2012), and *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008)); *accord Smith*, 2017 U.S. Dist. LEXIS 227032, at *10.

5

## B. The Cases Cited By Defendants Are Distinguishable

To the extent that the Second Circuit's summary order in *Shapard v. Attea*, 710 F. App'x 15, 17-18 (2d Cir. 2017) and its progeny[3] have sought to "limit or suggest limits of testimony at trial based on *Heck* and *Edwards*," they are, like in *Diggs*, distinguishable from the case at bar:

> [E]ven if *Heck* and *Edwards* do operate as an evidentiary doctrine, the record before the Court at this time does not warrant the relief Defendants seek. The disposition of Plaintiff's disciplinary hearing does not indicate what factual findings the hearing officer made that resulted in the convictions for "violent conduct," "creating a disturbance," "assault on staff," "refusing direct order," or "refuse search or frisk." On this point, *Balkum* is distinguishable: there, the "determination of guilt" at the plaintiff's disciplinary hearing was "expressly based on a finding that Plaintiff was the initial aggressor" in the use of force incident. The Court will not speculate as to the hearing officer's findings or which of Plaintiff's factual allegations would necessarily impugn the validity of the sentence revoking good-time credits. This portion of Defendants' motion is therefore denied.

*Id.* at 325 (citations omitted)

Here, despite Defendants' representation, the disposition of Plaintiff's hearing is bereft of any explicit factual findings or reference to materials relied upon by the hearing officer in imposing his disciplinary sentence. *Compare* Defs.' Motion *In Limine* at 10 ("Plaintiff's disciplinary sanctions were based upon the hearing officer's reliance on the misbehavior report written by

---

[3] *See* Defs.' Motion *In Limine* at 10-11 (citing *Head v. Ebert*, 2019 U.S. Dist. LEXIS 48183 (W.D.N.Y. 2019), *Adams v. O'Hara*, 2018 U.S. Dist. LEXIS 124524 (N.D.N.Y. 2018), *adopted*, 2018 U.S. Dist. LEXIS 163944 (N.D.N.Y. 2018), and *Balkum v. Leonard*, 2020 U.S. Dist. LEXIS 11509 (W.D.N.Y. 2020)); *see also* ECF No. 117-6 (Exhibit F to Defs.' Motion *In Limine*) (text order in *Poulos v. Annucci, et al.*, No. 9:18-cv-01279 (N.D.N.Y.).

6

Defendant Bigelow as well as his testimony. The hearing officer also relied upon the testimony of Nurse Paul Harriman, related memos, and the inmate injury report.") (citations omitted), *and* Hearing Disposition for June 2017 Incident at 6-8 (detailing evidence relied upon and factors considered in rendering disposition), *with* Exhibit E to Defs.' Motion *In Limine* (hereinafter "Hearing Disposition for Subject Incident") (providing no record of evidence relied upon or factors considered in rendering disposition). As such, this branch of Defendants' motion should be denied.

### IV. Evidence Or Argument Of A Conspiracy

Here, Defendants "do not reference any specific evidence to which they are objecting," *Hardy v. Adams*, 2023 U.S. Dist. LEXIS 17074, at *20 (N.D.N.Y. 2023), but argue generally that Plaintiff should be precluded from introducing "any evidence or argument that Plaintiff is the victim of a conspiracy." Defs.' Motion *In Limine* at 12. While Plaintiff reserves the right to "argue [and] introduce evidence establishing that Defendants have lied about the underlying incident," *Lynch v. Barker*, 2022 U.S. Dist. LEXIS 210132, at *13-14 (N.D.N.Y. 2022), as well as "evidence in general [that] is relevant to timeline, defendants' motive, and . . . why defendants would have engaged in the misconduct plaintiff will demonstrate at trial," *Hardy*, 2023 U.S. Dist. LEXIS 17074, at *20, he is not asserting a claim of conspiracy against Defendants or alleging a conspiracy.

### V. Characterizing Or Referring To Defendants And/Or DOCCS' Employees As A "Goon Squad", "Beat Up Squad", "Thugs", Or Other Related Terms

Plaintiff does not oppose that branch of Defendants' motion seeking to preclude Plaintiff from characterizing or referring to Defendants and/or DOCCS' Employees as a "Goon Squad," "Beat Up Squad," "Thugs," or other

7

related terms. Plaintiff is unsure why "Defendants anticipate that Plaintiff may try to" do so, *see* Defs.' Motion *In Limine* at 14, and incidentally notes that–as was the case at his deposition and at the court-ordered mediation– Plaintiff will be testifying at trial through a Spanish-to-English translator, and therefore could not, in any event, independently employ those terms that Defendants seek to preclude.

### VI.   Making Reference To Defendants Being Indemnified By The State

Plaintiff does not oppose that branch of Defendants' motion seeking to preclude Plaintiff from making reference at trial to Defendants being indemnified or potentially indemnified by the State of New York in connection with a judgment in this action. However, Plaintiff reserves the right to do so in the event that Defendants testimony and evidence opens the door to the issue of indemnification.

### VII.  Plaintiff Should Not Be Precluded From Making Reference To Either The Presence Or Absence Of Fixed Cameras

Plaintiff does not oppose that branch of Defendants' motion seeking to preclude Plaintiff from making reference at trial to either the presence or absence of fixed video cameras at Clinton Correctional Facility on January 14, 2018 depicting the incident. However, Plaintiff reserves the right to do so in the event that Defendants testimony and evidence opens the door to the issue of the presence or absence of fixed video cameras and/or video footage of the incident.

### VIII. Claims That This Court Previously Dismissed

That branch of Defendants motion seeking to preclude testimony and evidence regarding claims that the Court has already dismissed should be

denied as moot. By Stipulation and Order of Partial Dismissal, dated March 31, 2022, Plaintiff voluntarily dismissed his claims against Harriman and Dixon. *See* ECF No. 82. These dismissed claims are unrelated to the claims to be presented to the jury at trial and Plaintiff does not intend to introduce evidence of same, although he reserves the right to do so in the event that Defendants testimony and evidence opens the door to Plaintiffs evidence of these additional claims.

## IX.     Reference To Specific Dollar Amount Of Compensatory Or Punitive Damages

The Second Circuit has endorsed a "flexible approach" to permitting attorneys to suggest a specific sum or dollar amount as to damages. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997). It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions. *See Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031. Here, because Defendants do not assert any argument as to why Plaintiff should be precluded from offering a specific dollar amount beyond that doing so is disfavored, Plaintiff respectfully requests the Court allow Plaintiff to suggest a dollar amount as to damages to the jury. *See e.g.*, *Brown v. Cornell*, 2021 U.S. Dist. LEXIS 123038, at *24-25 (N.D.N.Y. 2021) (denying defendant's motion *in limine* to preclude plaintiff from suggesting a specific dollar amount to the jury where defendant argued only that allowing a plaintiff to do so is generally disfavored).

9

## X. Medical Records Relating To Plaintiff's Subsequent Care And Treatment

Defendants also seek to preclude the admission of medical records relating to the subsequent care and treatment of Plaintiff, arguing that "Plaintiff cannot lay a foundation sufficient to satisfy the requirements of the medical records exception under FRE 803(4) or the business records exception under FRE 803(6) without producing a competent medical witness." *See* Defs.' Motion *In Limine* at 19.

Plaintiff respectfully requests that the Court deny this branch of Defendants' motion as premature and address the sufficiency of the foundation provided by Plaintiff if and when he attempts to offer said records at trial. *See, e.g., Scoma v. City of New York*, 2021 U.S. Dist. LEXIS 85360, at *44-46 (E.D.N.Y. 2021) ("[T]he court finds that plaintiff's medical records will be admissible at trial, if he lays the proper foundation for such evidence. … At the time plaintiff introduces such medical evidence, defendants may object. … Accordingly, defendants' motion to preclude plaintiff's medical records is denied without prejudice to renewal at trial."); *Wilkinson v. Lewis*, 2018 U.S. Dist. LEXIS 100316, at *2-3 (N.D.N.Y. 2018) ("Upon the laying of a proper foundation, Dr. Whipple's medical records relevant to plaintiff" injury at hand will be admissible. … Defendants' request to preclude Dr. Whipple's medical records stemming from his treatment of plaintiff and her relevant injury will be denied.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion *In Limine*, to the extent opposed by Plaintiff, should be denied.

Dated: New York, New York
      September 15, 2023

                                              s/ Edward Sivin
                                          Edward Sivin
                                          Roll Number: 514765
                                          **Sivin, Miller & Roche LLP**
                                          Attorneys for Plaintiff
                                          20 Vesey Street, Suite 1400
                                          New York, NY 10007
                                          Telephone: (212) 349-0300
                                          E-mail: esivin@sivinandmiller.com