UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RIGER MAYANDUENAS, formerly known
as Riger Mayandeunas, formerly known
as Mayan Duenas Riger,

                 9:18-CV-1161
                 (AMN/TWD)

        Plaintiff,

v.

BIGELOW, Correction Officer, formerly
known as Officer Bigelow, et al.,

        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **SIVIN, MILLER & ROCHE LLP**<br>20 Vesey Street, Suite 1400<br>New York, NY 10007<br>*Attorneys for Plaintiff* | **EDWARD SIVIN, ESQ.**<br>**EYLAN SCHULMAN, ESQ.** |
| **ATTORNEY GENERAL OF<br>THE STATE OF NEW YORK**<br>The Capitol<br>Albany, NY 12224-0341<br>*Attorney for Defendants* | **KONSTANDINOS D. LERIS, ESQ.**<br>**AMANDA K. KURYLUK, ESQ.**<br>Assistant Attorneys General |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 26, 2018, Riger Mayanduenas ("Plaintiff") commenced this action under 42 U.S.C. § 1983 against Shane Bigelow, Ronald Fuller, Jason Burdo, and Kenneth Maurer ("Defendants"), alleging that Defendants used excessive force in violation of the Eighth Amendment. Dkt. No. 1. On October 20, 2023, the jury returned a verdict finding that Plaintiff had failed to prove his claim by a preponderance of the evidence. Dkt. No. 147. On October 23,

2023, the Court entered a judgment in accordance with the verdict. Dkt. No. 148.

Presently before the Court is Defendants' motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Rule 54(d)"), seeking a total of $1,936.17 in costs associated with defending this action. Dkt. No. 149 (the "Motion").[1] Plaintiff opposes Defendants' Motion, Dkt. No. 150.

For the reasons stated herein, Defendants' Motion is granted.

## II.   STANDARD OF REVIEW

Rule 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008) (quoting Rule 54(d)(1) (quotation marks omitted)). The costs that may be awarded to a prevailing party are set forth in 28 U.S.C. § 1920 ("Section 1920"). *See Gallagher v. IBEW Local Union No. 43*, No. 5:00-CV-1161, 2008 WL 5191691, at *1 (N.D.N.Y. Dec. 10, 2008). Section 1920 states, in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In civil litigation, awarding costs to the prevailing party is the rule—not the exception. *See*

---

[1] Citations to court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

2

*Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing Rule 54(d)), *abrogated on other grounds*, *Bruce v. Samuels*, 577 U.S. 82 (2016). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *McEachin v. Goord*, No. 9:01-CV-0259, 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

### III. DISCUSSION

#### A. Witness Fees

Here, Defendants seek a total of $1,192.05 in witness fees for three non-party witnesses who testified at trial, Paul Harriman, Mary Beth Gillen, and Michael Guynup: (1) $120.00 for attendance at trial; (2) $402.00 for subsistence;[2] and (3) $670.05 for mileage.[3] Dkt. No. 149 at 3. For each of these witnesses, Defendants seek the statutory witness attendance fee of $40.00 per day. *See* 28 U.S.C. § 1821(b); *see also New Skete Farms, Inc. v. Murray*, No. 1:06-CV-486 (GLS/RFT), 2009 WL 10680320, at *3 (N.D.N.Y. Apr. 3, 2009) ("A prevailing party may recover

---

[2] Defendants assert that overnight hotel fees were "necessary for the non-party witnesses as they had to travel over 341 miles round trip for court," scheduling was discussed with the court and counsel prior to the trial, and Plaintiff's case took "longer than anticipated." Dkt. No. 149 at 3 n.4. Defendants also assert that they are only seeking reimbursement for one night even though two of the non-party witnesses stayed at the hotel for two nights. *Id.*

[3] Defendants "[c]alculated for [a] round trip from Clinton Correctional Facility to the James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY 12207, [340 miles], at the United States General Service Administration ("GSA") rate of $0.655/per mile for each of the non-party witnesses. *See* Dkt. No. 149-3; *POV Mileage Rates (Archived)*, United States General Services Administration, effective January 1, 2023, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived (last visited March 29, 2024).

3

its witness costs at a rate of $40 for each day the witness gave testimony at a trial or deposition."). Defendants also correctly calculated the mileage for each witness at the GSA rate of $0.655, as prescribed under 28 U.S.C. § 1821(c)(2), and their subsistence calculations comply with the requirements of 28 U.S.C. § 1821(d), and the GSA 2023 Per Diem Rates for Albany, New York.[4]

Accordingly, Defendants' request for costs in the amount of $1,192.05 for witness fees is granted. *See* United States District Court for the Northern District of New York ("N.D.N.Y") Guidelines for Bills of Costs §§ II(F)(1)(a)-(c), (e).

### B. Transcript Fees

Defendants seek $479.52 in costs for Plaintiff's January 31, 2022 deposition transcript. Dkt. No. 149-1 at 1. As a general matter, "the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party." *Green v. Venettozzi*, No. 9:14-CV-1215 (BKS/CFH), 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted). "When a deposition transcript is used or received in evidence at trial . . . costs are properly allowed." *McEachin*, 2007 WL 1571981, at *1 (citation omitted). "However, even where the transcripts are not so used, transcript costs are properly awarded if the court is convinced that they were otherwise necessary in the case." *C.C. by & through Camarata v. Polaris Indus., Inc.*, No. 6:14-CV-0975 (GTS/TWD), 2018 WL 3031848, at *5 (N.D.N.Y. June 19, 2018), *aff'd*, 774 F. App'x 45 (2d Cir. 2019).

Defendants elicited Plaintiff's testimony during discovery, *see* Dkt. No. 75, and listed the transcript on their pretrial submissions as an exhibit intended to be used at trial, Dkt. No. 130. *See*

---

[4] *See* GSA FY 2023 Per Diem Rates for Albany, New York, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited March 29, 2024). Defendants also taxed $20.00 in hotel parking fees for each non-party witness. *See generally* Dkt. No. 149-2; *see also* 28 U.S.C. § 1821(c)(3) (witness parking fees may be taxed with supporting documentation).

*McEachin*, 2007 WL 1571981, at *2 (finding that a deposition elicited during discovery and listed in defendants' pretrial submissions as an exhibit intended to be used at trial was necessarily obtained for use in the case). The Court finds that Plaintiff's deposition was a necessary expense of Defendants to prepare for trial and examine Plaintiff at trial. *See Zulu v. Barnhart*, No. 9:16-CV-1408 (MAD/ML), 2019 WL 4544420, at *2 (N.D.N.Y. Sept. 19, 2019).

Accordingly, Defendants' request for costs in the amount of $479.52 for transcript fees is granted. *See* N.D.N.Y Guidelines for Bills of Costs §§ II(D)(1)(c)-(d).

### C. Interpreter Costs

Defendants seek $264.60 in costs associated with using a Spanish speaking interpreter during Plaintiff's three-and-a-half-hour deposition. Dkt. 149-4 at 1. "The courts of appeals have consistently interpreted . . . [Section 1920] . . . to permit the taxation of deposition expenses, when necessarily incurred for use of the deposition in the case." *Whitfield*, 241 F.3d at 270; *see also Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 237 (E.D.N.Y. 2012) (finding the cost of interpretation services for a deposition were taxable).

The Court finds that Spanish speaking interpretation services were necessary to conduct Plaintiff's deposition. *See* Dkt. No. 149 at 1 n.3; *see also* N.D.N.Y Guidelines for Bills of Costs § II(J)(2). Accordingly, Defendants' request for costs related to interpretation services in the amount of $264.60 is granted.

### D. Indigency

Plaintiff objects to Defendants' Motion, arguing that the Court should reduce the costs or deny the Motion because on October 26, 2018, Plaintiff was granted *in forma pauperis* status, *see* Dkt. No. 5, and the Second Circuit considered Plaintiff's "homelessness, mental health struggles, and limited language proficiency" as a basis for reversing a prior order in this case dismissing

Plaintiff's claim for failure to prosecute. *See Mayanduenas v. Bigelow*, 849 F. App'x 308, 311 (2d Cir. 2021); Dkt. No. 150 at 2.

Here, Plaintiff has not submitted any documents with this Motion evidencing his current employment or finances and relies only on previous findings in this case which occurred years before the instant Motion. *See, e.g.*, *Rowell v. City of New York*, No. 16-CV-6598 (AJN), 2022 WL 627762, at *1 (S.D.N.Y. Mar. 3, 2022) ("[A] plaintiff must provide documentary support of his financial hardship rather than conclusory statements summarizing his financial situation.") (citations omitted); *Glucover v. Coca-Cola Bottling Co. of New York*, No. 91 CIV. 6331 (PKL), 1996 WL 1998, at *2 (S.D.N.Y. Jan. 3, 1996) (denying plaintiff's motion relieving her from paying a Bill of Costs because "plaintiff [did] not provide any documentary support for her indigency, but rather relie[d] solely on her affidavits").

Moreover, indigency "does not automatically preclude an award of costs." *Williams v. Arctic Cat, Inc.*, No. 3:11-CV-445, 2014 WL 4105286, at *2 (N.D.N.Y. Aug. 20, 2014) (citation omitted); *see also Glucover*, 1996 WL 1998, at *3 ("[T]he reasonable goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted if indigency alone were always sufficient to [preclude awarding costs]"); *Brown v. De Filippis,* 125 F.R.D. 83, 85 (S.D.N.Y. 1989) (proceeding *in forma pauperis* does not immunize indigent litigant from eventual liability for costs).

Accordingly, the Court finds that Plaintiff has failed to show that he is entitled to the denial of costs or reduced costs.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion, Dkt. No. 149, is **GRANTED** and Defendant is

awarded $1,936.17 in costs; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2024
   Albany, New York

Anne M. Nardacci
U.S. District Judge